IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TOBY KITTRELL,<br><br>    Plaintiff,<br><br>vs.<br><br>MARC JOHNSON, LUKE JOHNSON, LIZ FISHER, and HEATHER SMITH,<br><br>    Defendants. | CV 18-00105-M-DLC-JCL<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Toby Kittrell filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint pursuant to 42 U.S.C. § 1983 (Doc. 2). The motion to proceed in forma pauperis will be granted but the Complaint fails to state a claim and should be dismissed.

## I. Motion to Proceed in Forma Pauperis

Kittrell's motion is sufficient to make the showing required by 28 U.S.C. §1915(a) and the request to proceed in forma pauperis will be granted. Because he is incarcerated, Kittrell must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Kittrell has insufficient funds to pay the initial partial filing fee, therefore it will be waived and Kittrell may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be

1

exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Kittrell will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Kittrell must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Kittrell is held to forward payments from Kittrell's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening

Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening of a case to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

Kittrell, a state prisoner who (at the time of the incidents alleged) was

incarcerated at the Missoula County Detention Center, brings this action alleging Defendants violated his First Amendment rights. Specifically, he claims he told Corrections Officer Hagel that another guard was a "bitch." In response to Officer Hagel's directive to lock down, Kittrell asked "why for freedom of speech?" Officer Hagel repeated his directive, Kittrell told him to "f___ off" but did lock down. Kittrell was then moved to maximum security and given 15 days disciplinary detention. (Complaint, Doc. 2 at 6.)

"[T]he constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context, for instance, some rights are simply inconsistent with the status of a prisoner or with the legitimate penological objectives of the corrections system." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (*citing Pell v. Procunier*, 417 U.S. 817, 822 (1974)). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Kittrell's claims fail because he cannot establish that his speech was

protected conduct. Under the First Amendment, speech is protected unless the speech falls under one of a few narrowly defined categories of unprotected speech such as fighting words, defamation, or obscenity. *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382– 84 (1992). Foul language in the prison context is generally not afforded First Amendment protection. *See, e.g., Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (holding that prisoner's act of calling hearing officer a "foul and corrupted bitch" not protected speech); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (explaining that prisoner's "false and insubordinate remarks" were not protected speech); *Goddard v. Kentucky Dep't of Corrections*, 2000 WL 191758 (6th Cir. Feb. 7, 2000) (a prisoner's "cursing to correctional officials and complaining about his treatment he received . . . is not an activity that may be protected under the First Amendment"). Kittrell's admitted calling a guard a "bitch" and telling another officer to "f___ off" was confrontational and adversarial and clearly constitutes fighting words.

Even assuming that Kittrell's words were protected speech, "[w]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Other Circuits have found that yelling, cursing and otherwise undermining authority within the prison setting can pose serious

4

security risks. *See, e.g., Thomas v. Bryant*, 614 F.3d 1288, 1297 (11th Cir. 2010) (describing a prison security rule that "prohibit[s] banging or yelling from inside a fully-secured cell because such a disturbance may incite or disturb other inmates or prevent security from hearing an inmate in need"); *Cygan v. Wisconsin Dept. of Corrections*, 388 F.3d 1092, 1101 (7th Cir. 2004) (prison guard's loud, profane and unprofessional speech in the presence of staff and inmates endangered both groups by exposing them to opportunistic acts of violence and undermining authority of supervising officer in presence of other officers and inmates and thus was not protected); *Soto v. Dickie*, 744 F.2d 1260, 1267 (7th Cir. 1984) (open disrespect of authority "places the staff and other inmates in danger").

Based upon the foregoing, the Court issues the following:

## ORDER

1. Kittrell's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed June 12, 2018.

In addition, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Kittrell failed to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Kittrell may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Kittrell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of June, 2018.

                                           */s/ Jeremiah C. Lynch*
                                           Jeremiah C. Lynch
                                           United States Magistrate Judge